FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

08 AUG 26  PM 3: 12

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

GERARDO MARTINEZ
    a/k/a "Giggolo"
OSBALDO FARIAS
    a/k/a "Baldo"

CASE NO.: 5:08-cr- 00043- 6c- / 0 GRJ
18 U.S.C. § 1117
18 U.S.C. § 1111
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A. Introduction

At all times material to this Indictment:

1.    The Federal Correctional Complex in Coleman, Sumter County, Florida (hereinafter referred to as "FCC Coleman"), was a secure federal correctional facility housing inmates who were held in custody by the direction of the Attorney General. FCC Coleman was part of the Department of Justice, Federal Bureau of Prisons (hereinafter referred to as "BOP").

2.    FCC Coleman was a place within the special maritime and territorial jurisdiction of the United States, as defined in Title 18, United States Code, Section 7(3), that is, FCC Coleman was land reserved and acquired for the use of the United States, and under the exclusive jurisdiction thereof, and a place purchased and otherwise acquired by the United States by consent of the legislature of the State of Florida for the erection of a needful building.

3.    Defendant GERARDO MARTINEZ was incarcerated in the United States Penitentiary I (hereinafter referred to as "USP-1") at FCC Coleman.

4.    Defendant OSBALDO FARIAS was also incarcerated in the USP-1 at FCC Coleman.

5.    Victim Orlando Yazzie was also incarcerated in the USP-1 at FCC Coleman.

6.    "Shank" was a slang term given to a sharp or pointed implement that prisoners used as an improvised knife-like weapon.

### B.  The Charge

7.    Beginning on a date unknown to the Grand Jury and continuing through on or about October 16, 2007, at FCC Coleman, in Sumter County, Florida, in the Middle District of Florida,

**GERARDO MARTINEZ,**
**a/k/a "Giggolo,"**
**and**
**OSBALDO FARIAS,**
**a/k/a "Baldo,"**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons both known and unknown to the Grand Jury, to unlawfully kill Orlando Yazzie, with malice aforethought, in violation of Title 18, United States Code, Section 1111.

All in violation of Title 18, United States Code, Section 1117.

### C.  Overt Acts

8.    In furtherance of the conspiracy, and to achieve the object thereof, at FCC

2

Coleman, in Sumter County, Florida, the defendants and others committed and caused to be committed the following overt acts:

a.      On or before October 16, 2007, one or more unknown conspirators placed and caused to be placed a shank inside USP-1 Special Housing Unit (hereinafter referred to as "SHU") recreation cage 8.

b.      On or about October 16, 2007, defendants MARTINEZ and FARIAS, entered USP-1 SHU recreation cage 8, at or about the same time as Yazzie entered the recreation cage.

c.      Once inside the recreation cage, defendant MARTINEZ retrieved the shank and handed it to defendant FARIAS.

d.      Using the shank, defendant FARIAS stabbed Yazzie approximately 13 times in and around Yazzie's back.

e.      After stabbing Yazzie, defendants MARTINEZ and FARIAS punched, kicked and stomped Yazzie for approximately 45 minutes.

## COUNT TWO

9.      The allegations contained in paragraphs 1 through 2 of this Indictment are hereby realleged and incorporated herein by reference.

10.     On or about October 16, 2007, at FCC Coleman, in Sumter County, Florida, in the Middle District of Florida,

**GERARDO MARTINEZ,**
**a/k/a "Giggolo,"**
**and**
**OSBALDO FARIAS,**
**a/k/a "Baldo,"**

the defendants herein, did, while aiding and abetting each other, willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Orlando Yazzie.

All in violation of Title 18, United States Code, Sections 1111 and 2.

## NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT MARTINEZ

11.    The allegations of Count Two of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

12.    As to Count Two of this Indictment, defendant MARTINEZ:

   a.    was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

   b.    intentionally killed the victim, Orlando Yazzie (18 U.S.C. § 3591(a)(2)(A));

   c.    intentionally inflicted serious bodily injury that resulted in the death of the victim, Orlando Yazzie (18 U.S.C. § 3591(a)(2)(B));

   d.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants of the offense, and the victim, Orlando Yazzie, died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

   e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim,

4

Orlando Yazzie, died as a direct result of the act (18 U.S.C. §
3591(a)(2)(D));

f.    committed the offense in an especially heinous, cruel, and
depraved manner in that it involved torture and serious physical
abuse to the victim, Orlando Yazzie (18 U.S.C. § 3592(c)(6)); and

g.    committed the offense after substantial planning and premeditation
to cause the death of a person, the victim Orlando Yazzie (18
U.S.C. § 3592(c)(9).

## NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT FARIAS

13.    The allegations of Count Two of this Indictment are hereby realleged as if
fully set forth herein and incorporated by reference.

14.    As to Count Two of this Indictment, defendant FARIAS

a.    was 18 years of age or older at the time of the offense (18 U.S.C. §
3591(a));

b.    intentionally killed the victim, Orlando Yazzie (18 U.S.C. §
3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death
of the victim, Orlando Yazzie (18 U.S.C. § 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a
person would be taken and intending that lethal force would be
used in connection with a person, other than one of the participants
of the offense, and the victim, Orlando Yazzie, died as a direct
result of the act (18 U.S.C. § 3591(a)(2)(C));

5

e.      intentionally and specifically engaged in an act of violence, knowing

that the act created a grave risk of death to a person, other than

one of the participants in the offense, such that participation in the

act constituted a reckless disregard for human life and the victim,

Orlando Yazzie, died as a direct result of the act (18 U.S.C. §

3591(a)(2)(D));

f.      committed the offense in an especially heinous, cruel, and

depraved manner in that it involved torture and serious physical

abuse to the victim, Orlando Yazzie (18 U.S.C. § 3592(c)(6)); and

g.      committed the offense after substantial planning and premeditation

to cause the death of a person, the victim Orlando Yazzie (18

U.S.C. § 3592(c)(9).

## FORFEITURE

1.      The allegations contained in Count Two of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeitures pursuant

to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c).

2.      From their engagement in the violation alleged in Count Two of this

Indictment, punishable by imprisonment for more than one year, the defendants

**GERARDO MARTINEZ,**
**a/k/a "Giggolo,"**
**and**

6

**OSBALDO FARIAS,**
**a/k/a "Baldo,"**

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest

in any property constituting or derived from proceeds obtained directly or indirectly as a

result of the said violation.

      3.     If any of the property described above, as a result of any act or omission of

the defendants:

          a.     cannot be located upon the exercise of due diligence;

          b.     has been transferred or sold to, or deposited with, a third party;

          c.     has been placed beyond the jurisdiction of the court;

          d.     has been substantially diminished in value; or

          e.     has been commingled with other property which cannot be divided
                 without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
Vincent A. Citro
Assistant United States Attorney


By: _____
Roger B. Handberg III
Assistant United States Attorney
Chief, Orlando Division

8

No.

## UNITED STATES DISTRICT COURT

Middle District of Florida
Ocala Division

### THE UNITED STATES OF AMERICA

vs.

GERARDO MARTINEZ
a/k/a "Giggolo"
and
OSBALDO FARIAS
a/k/a "Baldo"

## INDICTMENT

Violations:

18 U.S.C. § 1117
18 U.S.C. § 1111

A true bill

_____
Foreperson

Filed in open court this 26th day

of August, A.D. 2008.

_____
Clerk

Bail  $ _____

TAMPA, FLORIDA
MIDDLE DISTRICT OF FLORIDA
CLERK U.S. DISTRICT COURT

08 AUG 26  PM 3: 12

FILED

GPO 863 525