UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                                              CASE NO: 5:08-cr-43-Oc-28PRL

OSBALDO FARIAS

## ORDER

Defendant Osbaldo Farias's "Motion for Leave of Court to File an Extension of Time to File a Motion for a New Trial and a Motion for a Judgement (sic) of Acquittal" (Doc. 182) is before the Court for consideration. The Government responded opposing the requested relief. (Doc. 187). Because Defendant's motion is untimely, the motion is due to be denied.

A Grand Jury returned a two-count indictment charging Defendant with conspiracy to commit murder (Count 1) and murder (Count 2). Defendant entered a not guilty plea and the case proceeded to trial on February 22, 2010. At the end of the Government's case, Defendant moved for a judgment of acquittal on both counts. (Doc. 110). The Court denied the motion. (*Id.*). On February 26, 2010, the jury returned a verdict of not guilty as charged in Count 1 or 2 but guilty of the first lesser included offense in Count 2 of murder in the second degree. (Doc. 118). On March 31, 2010, Defendant again moved for a judgment of acquittal as well as for a new trial. (Doc. 129).[1] The Court denied both the motion for judgment of acquittal and for a new trial. (Doc. 133). On August 19, 2010, the Court sentenced Defendant to 420 months. (Docs. 156, 157). Defendant appealed (Doc. 158)

---

[1] The Court notes that at the end of trial, defense counsel requested and was granted an extension of forty-five days to file any post-trial motions. (Doc. 119 at 14).

and the Eleventh Circuit Court of Appeals affirmed. (Doc. 172). The Supreme Court denied certiorari. (Doc. 173). Defendant next filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Doc. 176). The Court dismissed the motion because it was facially insufficient to state a claim for relief, stating "[w]hile the Court is obliged to give a liberal construction to pro se pleadings, [the Court] lacks the competence to make comprehensible that which is incomprehensible." (Doc. 177). The Court granted Defendant thirty days to file an amended motion. (*Id.*). Defendant responded within the time allowed by addressing a letter to the Clerk. (Doc. 178). The Court found the letter equally incomprehensible and to the extent that it made any sense at all, it was a series of complaints "concerning the credibility and/or sufficiency of the evidence presented at trial—matters that could and should have been raised on direct appeal." (Doc. 179). The court dismissed the 2255 petition and directed the Clerk to enter judgment accordingly and to close the file. (*Id.*).

Defendant now seeks an extension of time to file a motion for a new trial and a motion for judgment of acquittal pursuant to Federal Rules of Criminal Procedure 29(c), 33(a), and 45(b). Defendant's request for a new trial is based on his claim of ineffective assistance of counsel. His request for a third judgment of acquittal is based on his claim of actual innocence and the government failed to prove beyond a reasonable doubt that Defendant killed the victim. Construing the *pro se* Defendant's claims liberally as the Court must do, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court finds Defendant's claims meritless.

Defendant's claim of ineffective assistance of counsel and his claim that he is actually innocent and the government failed to prove beyond a reasonable doubt that he

killed the victim are arguments that he could and should have raised in his 28 U.S.C. § 2255 motion (Doc. 176). He did not. The court dismissed Defendant's 2255 petition and ordered the case closed. (Doc. 179). Defendant has not sought nor received permission from the Eleventh Circuit Court of Appeals to file a successive section 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without such permission, this court lacks jurisdiction to consider a successive section 2255 motion and would have to dismiss any such motion. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003); *United States v. Robinson*, 579 F. App'x 739, 741 (11th Cir. 2014).

Equally important, the Court cannot grant Defendant relief under the Federal Rules of Criminal Procedure. These rules are claim-processing rules and the district court must observe the clear limits of the rules when they are properly invoked. *Eberhart v. United States*, 546 U.S. 12, 16-17 (2005). Here, the Government has objected to Defendant's motion as untimely.

Federal Rule of Criminal Procedure 29(c) requires that a motion for a judgment of acquittal (or the renewal of such a motion) be made within fourteen days after a guilty verdict or after the court discharges the jury, whichever is later. The jury found Defendant guilty on February 26, 2010 and the court discharged the jury that same day. (Doc. 119). Fourteen days expired on March 12, 2010. Defendant's motion is over ten years too late under this Rule. Similar to a successive section 2255 motion, the court would have no jurisdiction to consider an untimely motion for judgment of acquittal and would therefore have to dismiss any such motion. *See United States v. Calderon*, 868 F.3d 200 (11th Cir. 1996).

Federal Rule of Criminal Procedure 33 requires a motion for a new trial grounded on any reason other than newly discovered evidence to be filed either within fourteen days after the verdict or finding of guilty and within three years after the verdict or finding of guilty on the basis of newly discovered evidence. Fed. R. Cr. P. 33(b)(1)(2). Defendant does not offer any newly discovered evidence. Thus, any motion for a new trial was required to be filed by March 12, 2010. Defendant's motion is over ten years too late under this Rule.

Federal Rule of Criminal Procedure 45 addresses the computation of time allowing an extension after a time expires only for good cause and excusable neglect. Fed. R. Cr. P. 45(b)(1)(B). Defendant has shown neither good cause nor excusable neglect for the Court to extend the time to file either requested motion. Furthermore, the Government has objected to Defendant's motion as untimely. A district "court may not grant a postverdict motion for a judgment of acquittal that is untimely under Federal Rule of Criminal Procedure 29(c) when the prosecutor objects." *Eberhart*, 546 U.S. at 18 (referring to the holding in *Carlisle v. United States*, 517 U.S. 416 (1996)).

Defendant's motion for an extension of time to file a motion for a new trial and a motion for judgment of acquittal (Doc. 182) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Osbaldo Farias

4